**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

MICHAEL RAVER,                            **CASE NO. 2:06-cv-952**
                                              **JUDGE MARBLEY**
              **Petitioner,**              **MAGISTRATE JUDGE KEMP**

v.

TIM BRUNSMAN, Warden,

      **Respondent.**

**<u>REPORT AND RECOMMENDATION</u>**

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  This matter is before the Court on the instant petition, respondent's return of writ, petitioner's traverse, and the exhibits of the parties.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** without prejudice as unexhausted**.** Alternatively, petitioner may delete his unexhausted ineffective assistance of counsel claims from the petition within ten (10) days of the date of this order, and proceed on his remaining exhausted claim of ineffective assistance of counsel due to his attorney's failure to object to State's motion to consolidate.

**I.  FACTS and PROCEDURAL HISTORY**

The Ohio Tenth District Court of Appeals summarized the facts and procedural history of this case as follows:

> Appellant was charged with multiple incidents of sexual misconduct involving his two stepdaughters, Casey and Melissa. Both children testified at trial regarding incidents occurring in 1999 when visiting their mother and appellant's home on Belvidere Avenue in Columbus.
>
> Casey testified at trial that her date of birth is January 6, 1988,

making her 14 years old at the time of trial. In 1999, when Casey was 11 years old, she lived with her grandparents and visited her mother and stepfather every other weekend. During one of her weekend visits in December 1999, Casey testified, appellant touched her in inappropriate places that made her uncomfortable and frightened. This incident occurred while Casey stood next to appellant in front of a computer in appellant's bedroom. No one else was in the room, although Casey's mother and half-brothers were elsewhere in the house. Casey testified that appellant placed his hand on her back, and slid it down into her blue jeans to touch her buttocks and vagina. Casey "didn't feel right" about this touching, and left to go to her bedroom in the basement. Casey testified that she did not tell anyone at the time because she was embarrassed and frightened.

That Christmas, appellant purchased for Casey a long-sleeved "belly shirt" that Casey thought was inappropriately revealing. Casey did not visit her mother and stepfather's home on Belvidere Avenue after that Christmas.

Casey's testimony acknowledges that she at first denied having been sexually abused because she was frightened and embarrassed by the incident. Later, after her sister came forward with similar allegations, Casey came forward herself.

Melissa testified similarly with respect to her visitation schedule with her mother and appellant. Melissa testified that during one of these visits in 1999, when she was 14, appellant followed Melissa down to the basement where her bedroom was located and took her pants off. Appellant then touched her genitals and inserted his finger inside her vagina. Melissa testified that there had been previous occasions upon which appellant had similarly touched her.

Melissa also testified that she was too frightened to say anything at the time. Melissa testified that appellant was a stern disciplinary figure in the home, and that he would whip the children with a belt or otherwise inflict strict punishment. Melissa corroborated Casey's testimony regarding the purchase of an inappropriate shirt for Casey, and testified that she herself had received a fishnet shirt from appellant at Christmas in 1999. Melissa testified that as a result of appellant's actions she is currently in counseling to help her deal with the aftereffect of the molestation.

Appellant testified on his own behalf and asserted his devotion to and affection for his stepdaughters. He denied any sexual conduct or

2

contact with the girls.

The jury returned a verdict of not guilty on the four counts involving Melissa but guilty of two counts of gross sexual imposition in violation of R.C. 2907.05, a felony of the third degree, involving Casey. The trial court denied appellant's request for a pre-sentence investigation. The trial court subsequently sentenced appellant to five years incarceration on each count, the two sentences to be served concurrently. In imposing this maximum sentence, the trial court found that a minimum sentence would demean the seriousness of the offense based on the victim's age, the fact that she was a stepdaughter in appellant's custody and control at the time of the offense, and the demonstrated psychological effect upon the victim. The trial court also found that appellant's acts demonstrated a pattern of abuse and that appellant was likely to re-offend, but that the two counts for which he had been convicted were perpetrated in a single incident, justifying the concurrent sentences.

At the time of sentencing, the trial court conducted a further hearing pursuant to R.C. 2950.09, and found that appellant should be adjudicated a sexual predator, subject to the registration and notification provisions of R.C. Chapter 2950. The trial court again noted the age of the victim, the relationship of appellant to the victim, the demonstrated pattern of abuse, the effect upon the victim, and in addition noted the demonstrated lack of remorse or acceptance of responsibility by appellant.

*State v. Raver*, 2003 WL 723225 (Ohio App. 10 Dist. March 4, 2003), Exhibit K to Return of Writ.

Represented by new counsel, petitioner filed a timely appeal. He raised the following assignments

of error:

[1.] The trial court erred when it entered judgment against the defendant for two counts of gross sexual imposition when the evidence was not sufficient to sustain either verdict and the manifest weight of the evidence would not support them.

[2.] The trial court erred in sentencing defendant-appellant to a maximum term of incarceration where the factual criteria to warrant a maximum term was not present and without first considering and rejecting a minimum sentence for defendant-appellant, who has not previously served a prison term.

3

> [3.] The evidence before the trial court was legally insufficient to establish that defendant-appellant was a sexual predator, subject to the lifetime registration and community notification provisions of R.C. 2950.09.
>
> [4.] Defendant-appellant was denied his sixth amendment right to counsel when trial counsel failed to: obtain expert assistance in defending defendant-appellant in the sexual predator hearing; and, make an adequate record of the pertinent aspects of defendant-appellant's history relating to the factors set forth in R.C. 2950.09(B)(2) probative of whether the offender is likely to engage in the future in one or more sexually oriented offenses.
>
> [5.] Mr. Raver's rights to the effective assistance of counsel as guaranteed by the sixth and fourteenth amendments to the United States Constitution and Article I, § 10 of the Ohio Constitution were violated.

*Id.*; Exhibit G to Return of Writ.  On March 4, 2003, the appellate court affirmed the trial court's judgment.  *Id.*  Petitioner never filed an appeal to the Ohio Supreme Court.  However, represented by new counsel, on January 3, 2003, petitioner filed a petition for post conviction relief in the state trial court in which he asserted the ineffective assistance of trial counsel.  Exhibit L to Return of Writ.  On March 16, 2005, the trial court denied the petition.  Exhibit N to Return of Writ.  Still represented by counsel, petitioner filed a timely appeal.  He asserted the following assignment of error:

> The trial court erred when it denied Appellant an evidentiary hearing in violation of his rights under the Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments of The United States Constitution and Article 1, Sections 1, 2, 9, 10, 16 and 20 of The Ohio Constitution, when the Appellant submitted documentary evidence dehors the record to support his claims.

Exhibit O to Return of Writ.  On February 14, 2006, the state appellate court affirmed the trial court's dismissal of petitioner's post conviction petition.  *State v. Raver*, 2006 WL 330093 (Ohio

4

App. 10th Dist. February 14, 2006), Exhibit Q to Return of Writ.    Again represented by counsel,

petitioner filed a timely appeal.  He raised the following proposition of law:

> Counsel in this case did not provide the assistance necessary to
> properly defend a case of sexual impropriety with a child.

Exhibit R to Return of Writ.  On July 5, 2006, the Ohio Supreme Court declined jurisdiction to hear

the case and dismissed the appeal as not involving any substantial constitutional question.  Exhibit

U to Return of Writ.

On November 13, 2006, petitioner filed the instant petition for a writ of habeas corpus

pursuant to 28 U.S.C. §2254.  He alleges that he is in the custody of respondent in violation of the

Constitution of the United States based upon the following ground:

> Raver was denied effective assistance of counsel under the Fifth,
> Sixth and Fourteenth Amendments.

It is the position of the respondent that this claim is procedurally defaulted and without merit.

## II.  PROCEDURAL DEFAULT

In recognition of the equal obligation of the state courts to protect the constitutional rights

of criminal defendants, and in order to prevent needless friction between the state and federal courts,

a state criminal defendant with federal constitutional claims is required fairly to present those claims

to the highest court of the state for consideration.  28 U.S.C. §2254(b), (c).  If he fails to do so, but

still has an avenue open to him by which he may present the claims, his petition is subject to

dismissal for failure to exhaust state remedies.  *Id.; Anderson v. Harless*, 459 U.S. 4, 6 (1982) *(per

curiam)*; *Picard v. Connor*, 404 U.S. 270, 275-76 (1971).  If, because of a procedural default, the

petitioner can no longer present his claims to a state court, he has also waived them for purposes of

federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v. Carrier*, 447 U.S. 478, 485 (1986); *Engle v. Issac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id.* Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id.* Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the Court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Id.* This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level. *Leroy v. Marshall,* 757 F.2d 94 (6th Cir. 1985).

Petitioner asserts the ineffective assistance of counsel because his attorney failed to oppose the prosecutor's request for joinder of charges; failed to request a limiting instruction; failed to request "protocols of the interviewing technique" used on the alleged victims prior to trial for cross examination; failed to call an expert witness; failed to object to seating of a juror who had a stepdaughter who was molested; and failed to object to improper jury instructions on the definition of reasonable doubt. All of these claims rely on matters that are readily apparent from the face of

6

the record and were properly raised on direct appeal, *see* Exhibit K to Return of Writ; however, petitioner never filed an appeal of the appellate court's March 4, 2003, decision rejecting his claims to the Ohio Supreme Court.

Petitioner did again raise these same allegations of ineffective assistance of counsel in his petition for post conviction relief. *See* Exhibit Q to Return of Writ. The trial court denied the petition as barred under Ohio's doctrine of *res judicata,*[1] and the state appellate court thereafter affirmed the trial court's decision, rejecting all of petitioner's claims with the exception of his claim of ineffective assistance of counsel due to his attorney's failure to object to severance of charges, as improperly brought in post conviction proceedings:

> Defendant-appellant, Michael E. Raver ("appellant"), appeals from the denial of his petition for post-conviction relief by the Franklin County Court of Common Pleas. Appellant's petition sought to vacate his May 8, 2002 judgment of conviction and sentence of the Franklin County Court of Common Pleas, pursuant to a jury verdict, finding him guilty on two counts of gross sexual imposition. The charges against appellant arose from allegations by his stepdaughters, M.S. and C.S., that appellant had sexually molested them. While the state initially filed the charges in two separate cases against appellant, the state moved to join the cases for purposes of trial. Appellant's trial counsel did not oppose the state's motion, and the court granted

---

[1] The trial court dismissed the post conviction petition in relevant part as follows:

This Court finds the State's arguments under the doctrine of res judicata persuasive and accordingly GRANTS its Motion to Dismiss Defendant's Petition without an evidentiary hearing. During the pendency of Defendant's petition, Defendant pursued an appeal of his conviction (State v. Raver). Defendant raised therein all of the matters raised in his petition. The Court of Appeals (sic) determination on the issues (pre-conviction and post-conviction), are binding on this Court. Defendant has raised no new issues for this Court to consider.

Accordingly Defendant's Post Conviction Petition is DISMISSED.

Exhibit N to Return of Writ.

joinder. The jury ultimately convicted appellant of two counts of gross sexual imposition against C.S., but acquitted him of the charges relating to M.S.

Appellant appealed his conviction and sentence to this court. Appellant raised five assignments of error, one of which is important for our purposes here. In his fifth assignment of error, appellant argued to this court that his constitutional right to counsel had been violated. In support, appellant argued that his trial counsel had not rendered effective assistance because counsel: (1) failed to oppose the state's motion to consolidate the two cases for trial; (2) failed to request a limiting instruction that evidence introduced as to one child could not be considered for the purpose of determining guilt as to incidents involving the other child; (3) failed prior to the day of trial to request an expert to review law enforcement procedures employed in questioning the girls; (4) failed to dismiss a biased juror; and (5) failed to object to the trial court's erroneous definition of "reasonable doubt" in preliminary jury instructions.

While his appeal was pending before this court, on January 3, 2003, appellant filed a petition for post-conviction relief in the trial court. In his petition, appellant alleged the same five failures by trial counsel in support of his claim that his constitutional right to counsel had been violated.

 In support of his petition before the trial court, appellant attached the affidavit of Attorney James D. Owen, his appellate counsel. Owen's affidavit states that he had spoken to appellant, who told him that he was unaware that the state had moved to consolidate his cases for trial, that he would have liked to have separate trials, and that none of his attorneys had advised him of the option of having separate trials. The affidavit also states that Owen had spoken to Attorney David Kentner, one of appellant's trial counsel. The affidavit states: "Mr. Kentner told me there was no strategic reason for him not to attempt to try the cases of the two separate victims" separately.

While that petition was pending before the trial court, on March 4, 2003, this court issued its opinion in appellant's original appeal and affirmed appellant's conviction and sentence. See *State v. Raver,* Franklin App. No. 02AP-604, 2003-Ohio-958. In affirming the conviction, this court rejected appellant's assertion that his right to counsel had been violated.

Thereafter, on March 16, 2005, the trial court dismissed appellant's

8

petition without an evidentiary hearing. The trial court found that appellant had pursued an appeal of his conviction and "raised therein all of the matters raised in his petition. The Court of Appeals' determination on the issues (pre-conviction and post-conviction), are binding on this Court. Defendant has raised no new issues for this Court to consider."

Appellant timely appealed to this court. He raises a single assignment of error:

The trial court erred when it denied Appellant an evidentiary hearing in violation of his rights under the Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments of The United States Constitution and Article 1, Sections 1, 2, 9, 10, 16 and 20 of The Ohio Constitution, when the Appellant submitted documentary evidence dehors the record to support his claims.

Appellant's right to post-conviction relief arises from R.C. 2953.21(A)(1)(a), which provides:
(A)(1)(a) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

The post-conviction relief process is a collateral civil attack on a criminal judgment, not an appeal of the judgment. *State v. Steffen* (1994), 70 Ohio St.3d 399, 410. It is a means to reach constitutional issues that would otherwise be impossible to reach because the trial court record does not contain evidence supporting those issues. *State v. Murphy* (Dec. 26, 2000), Franklin App. No. 00AP-233. Appellant does not have a constitutional right of post-conviction review. Rather, post-conviction relief is a narrow remedy that affords appellant no rights beyond those granted by statute. *State v. Calhoun* (1999), 86 Ohio St.3d 279, 281. A post-conviction petition does not provide appellant a second opportunity to litigate his conviction. *State v. Hessler,* Franklin App. No. 01AP-1011, 2002-Ohio-3321.

A petitioner seeking post-conviction relief is not automatically

9

entitled to an evidentiary hearing. *Calhoun* at 282. The trial court "shall determine whether there are substantive grounds for relief" before granting a hearing on a post-conviction petition. R.C. 2953.21(C). Pursuant to R.C. 2953.21(C), a trial court properly denies a post-conviction petition without an evidentiary hearing if the petition, supporting documents, and court record "do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *Calhoun* at 291.

A trial court may also dismiss a petition for post-conviction relief without holding an evidentiary hearing when the doctrine of res judicata bars the claims raised in the petition. *State v. Szefcyk* (1996), 77 Ohio St.3d 93. "*Res judicata* is applicable in all postconviction relief proceedings." *Id.* at 95. Under the doctrine of *res judicata*, a defendant who was represented by counsel is barred from raising an issue in a petition for post-conviction relief if the defendant raised or could have raised the issue at trial or on direct appeal. *Id.*, syllabus; *State v. Reynolds* (1997), 79 Ohio St.3d 158, 161. For a defendant to avoid dismissal of the petition by operation of res judicata, the evidence supporting the claims in the petition must be competent, relevant, and material evidence outside the trial court record. *State v. Cole* (1982), 2 Ohio St.3d 112, syllabus; *State v. Lawson* (1995), 103 Ohio App.3d 307, 315.

We apply an abuse of discretion standard when reviewing a trial court's decision to deny a post-conviction petition without a hearing. *State v. Campbell,* Franklin App. No. 03AP-147, 2003-Ohio-6305, citing *Calhoun* at 284. An abuse of discretion connotes more than an error of law or judgment; it entails a decision that is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.

Here, appellant contends that the trial court abused its discretion as he set forth sufficient operative facts to support his ineffective assistance of counsel claims, thereby warranting an evidentiary hearing. The United States Supreme Court established a two-prong test for ineffective assistance of counsel. *Strickland v. Washington* (1984), 466 U.S. 668. First, the defendant must show that counsel's performance was outside the range of professionally competent assistance and, therefore, deficient. *Id.* at 687. Second, the defendant must show that counsel's deficient performance prejudiced the defense and deprived the defendant of a fair trial. *Id.* Moreover, a defendant must overcome a strong presumption that the challenged action constitutes trial strategy. *State v. Carter* (1995), 72 Ohio St.3d

10

545, 558.

As the trial court found, appellant's post-conviction right to counsel claims were identical to those raised in his appeal. Therefore, in order to avoid dismissal on *res judicata* grounds, appellant's burden was to set forth sufficient operative facts to establish grounds for relief and to do so based on evidence outside the record. Appellant presented an affidavit to support one of his five claims: his trial counsel failed to oppose a motion by the state to consolidate the two cases. While that affidavit is outside the record, it is insufficient to demonstrate the need for an evidentiary hearing.

In order to succeed on a claim of ineffective counsel, appellant must show not only that counsel's performance was deficient, but also that counsel's deficient performance prejudiced him and deprived him of a fair trial. Here, even if we were to accept as fact the assertions made in the affidavit-appellant had no knowledge of the opportunity to avoid consolidation, and his trial counsel had no strategic reason to try the cases together-appellant could not make the necessary showings. In affirming his conviction, this court has already determined that appellant suffered no prejudice from consolidation of the charges. This court found, at ¶ 67:

The conclusion we reach in the present case, in assessing the effectiveness of trial counsel, is not that there was no *potential* risk for appellant from trying the cases together, but that there were concomitant advantages to going forward in a single proceeding, and that, ultimately, no *actual* prejudice to appellant can be shown based upon the outcome of the trial. As stated above, the possibility that one sister's lack of credibility might undermine the testimony of the other cannot be disregarded; in fact the jury found one sister not credible. Although this ultimately did not avoid conviction on the charges involving [C.S.], [M.S.'s] lack of credibility could certainly have benefitted appellant in the charges against [C.S.]. Ultimately, the outcome of the trial obviated any possibility of prejudice to appellant; had appellant been convicted of charges involving both sisters, some prejudice could be argued, but the actual outcome in the present case simply does not support the proposition that one sister's less than credible testimony bolstered the jury's willingness to convict on charges involving the other sister. No ineffective assistance of trial counsel can be shown in this respect.

(Emphasis sic.)
Thus, appellant's post-conviction petition presented no evidence that

11

could have altered this court's finding on appeal that appellant suffered no prejudice from his trial counsel's failure to oppose a motion by the state to join the two cases for trial. As for the remaining four claims included in his petition, appellant presented no evidence outside the record in support of those claims. Therefore, the trial court properly dismissed appellant's post-conviction petition, and we overrule appellant's single assignment of error.

Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

Exhibit Q to Return of Writ. Based on this decision, it appears that the only claim that was properly exhausted in the Ohio courts is the fifth instance of ineffective assistance of counsel as amplified by the Owen affidavit. The other claims were not properly raised in the post-conviction action. They were properly presented on direct appeal. However, because petitioner still may file a motion for delayed appeal to the Ohio Supreme Court pursuant to Ohio Supreme Court Rule of Practice II, Section 2(A)(4)(a),[2] all of his on-the-record allegations of ineffective assistance of trial counsel remain unexhausted.

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *Castille v. Peoples,* 489 U.S. 346, 349 (1989); *Silverburg v. Evitts,* 993 F.2d 124, 126 (6th Cir.1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254(b), (c). Moreover, a

---

[2] Ohio Supreme Court Rule of Practice II, Section 2(A)(4)(a) provides:

In a felony case, when the time has expired for filing a notice of appeal in the Supreme Court, the appellant may seek to file a delayed appeal by filing a motion for delayed appeal and a notice of appeal. The motion shall state the date of entry of the judgment being appealed and adequate reasons for the delay. Facts supporting the motion shall be set forth in an affidavit. A copy of the court of appeals opinion and the judgment entry being appealed shall be attached to the motion.

constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *Manning v. Alexander,* 912 F.2d 878, 881 (6th Cir.1990). Where alternative state remedies are available to consider the same claim, exhaustion of one of these remedies is all that is necessary. A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims he seeks to present for federal habeas review. *Prather v. Rees,* 822 F.2d 1418, 1420 n. 3 (6th Cir.1987).  The total exhaustion rule of *Rose v. Lundy*, 455 U.S. 509, 522 (1985), requires federal courts to dismiss without prejudice habeas corpus petitions containing both exhausted and unexhausted claims, *see Rhines v. Weber*, 544 U.S. 269, 274 (2005), unless it appears that the statute of limitations will bar the re-filing of the habeas corpus petition.  *See id.* Under such circumstances, a stay of proceedings may be appropriate under limited circumstances:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Id.*, at 277.  Here, the record fails to reflect either that petitioner can establish good cause for his failure to pursue an appeal in the Ohio Supreme Court, or that his claims are potentially meritorious, particularly in view of the state appellate court's rejection of his ineffective assistance of counsel claims, which decision is presumed to be correct.  *See* 28 U.S.C. §2254(d), (e); *Williams v. Taylor*,

13

529 U.S. 362 (2000).

Petitioner nonetheless appears to argue that he should not be required to exhaust state court remedies because the Ohio Supreme Court rarely accepts cases for review once the time period for filing an appeal has passed. *Traverse*, at 5. This argument is not persuasive. Under 28 U.S.C. §(b)(1), a federal habeas corpus must first exhaust state court remedies unless:

> (B)(I) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

*Id.* Thus, exhaustion of state court remedies may be excused

> "only if there is no opportunity to obtain redress in a state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief. * * *"

*Rucker v. Rose,* 626 F.Supp. 416, 418 (M.D. Tenn. 1985), quoting  *Duckworth v. Serrano,* 454 U.S. 1, 3 (1981).

> The Supreme Court has cautioned that an exception to the exhaustion requirement on grounds of futility is warranted only if there is no opportunity to obtain redress in state courts or if the corrective process is so clearly deficient as to render useless any effort to obtain relief. *See Duckworth v. Serrano,* 454 U.S. 1, 3 (1981). The federal courts will most often find futility where a petitioner has presented his federal claims to the state courts, only to be met with years of unjustifiable delay. *See, e.g., Turner v. Bagley,* 401 F.3d 718, 725-26 (6th Cir.2005)....
>
> ***
>
> The [United States Supreme] Court has...  reaffirmed its rejection of the argument that the legal excuse of futility encompasses the situation in which a petitioner merely believes that his federal claims

14

are likely to be rejected in the state courts on the basis of state-court precedent. *See Bousley v. United States,* 523 U.S. 614, 623 (1998).

Relying on *Engel*[ *v. Isaac,* 456 U.S. 107 (1982)] and *Bousley,* the federal courts of appeals hold "that the exhaustion requirement is not excused merely because a petitioner's claim will likely be denied on the merits in state court." *Parker v. Kelchner,* 429 F.3d 58, 63 (3d Cir.2005); *accord Jones v. Keane,* 329 F.3d 290, 295 (2d Cir.2003) (the fact that state courts may have been unlikely to grant relief on a federal claim "does not cure [petitioner's] failure to have raised it in the state courts."); *Minter v. Beck,* 230 F.3d 663, 666 (4th Cir.2000); *Waldrop v. Jones,* 77 F .3d 1308, 1315 (11th Cir.1996); *White v. Peters,* 990 F.2d 338, 342 (7th Cir.1993) ("Federal-state comity demands that a habeas petitioner first give the state courts an opportunity to pass on his federal claims, even if those courts would be expected to view such claims unfavorably."); *Roberts v. Arave,* 847 F.2d 528, 530 (9th Cir.1988). The Sixth Circuit likewise views *Engel v. Isaac* as holding that a defendant's failure to raise an issue in state court is not excused by the defendant's view, even if reasonable, that the argument might be rejected by the state courts. *Scott v. Mitchell,* 209 F.3d 854, 871-72 (6th Cir.2000).

*Huffman v. Olzewski*, 2006 WL 1071656 (W.D. Michigan April 21, 2006).  Such are not the circumstances here.  Petitioner is not excused from exhausting his on-the-record claims in the Ohio Supreme Court simply because the Ohio Supreme Court may be unlikely to grant his motion for delayed appeal.

For all of the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** without prejudice as unexhausted.  Alternatively, petitioner may delete his unexhausted ineffective assistance of counsel claims from the petition within ten (10) days of the date of this order, and proceed on his remaining exhausted claim of ineffective assistance of counsel due to his attorney's failure to object to State's motion to consolidate.  *See Rhines v. Weber, supra*, 544 U.S. at 278.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days

15

of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.

/s/ Terence P. Kemp
United States Magistrate Judge

16

17